15-2029
*Haygood v. ACM Medical Laboratory, Inc.,*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**<u>SUMMARY ORDER</u>**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 14th day of March, two thousand sixteen.

Present:     ROBERT A. KATZMANN,
                    *Chief Judge*,
             AMALYA L. KEARSE,
                    *Circuit Judge*,
             GREGORY H. WOODS,
                    *District Judge*.[*]

---

HAROLD L. HAYGOOD,

    *Plaintiff-Appellant*,

      - v -                                        No. 15-2029

ACM MEDICAL LABORATORY, INC.,
and DAWN CRUZ, Homebound Services
Supervisor, individually,

    *Defendants-Appellees*.[**]

---

For Plaintiff-Appellant:                    Ryan C. Woodworth, Rochester, NY.

---

[*] The Honorable Gregory H. Woods, of the United States District Court for the Southern District of New York, sitting by designation.
[**] The Clerk of the Court is respectfully directed to amend the caption to conform to the above.

1

For Defendants-Appellees:                                 Daniel J. Moore, Harris Beach PLLC, Pittsford, NY.

Appeal from the United States District Court for the Western District of New York (Telesca, *S.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Harold Haygood alleges that he was subject to racial discrimination, a hostile work environment, and unlawful retaliation by his supervisor, Dawn Cruz, during the two years he was employed by ACM Medical Laboratory, Inc. ("ACM"). Haygood, acting *pro se*, filed two substantially identical charges of discrimination on the same date, one with the Equal Employment Opportunity Commission ("EEOC") and one with the New York State Division of Human Rights (the "Division"). The EEOC did not find any violations of anti-discrimination laws and sent Haygood a dismissal notice on January 30, 2014. The Division, which held a fact-finding conference to investigate the allegations, also dismissed Haygood's complaint. Haygood appealed the Division's determination to the EEOC, which issued a second dismissal notice on May 20. Both EEOC dismissal notices informed Haygood that he had 90 days to file suit or his right to sue based on those claims would be lost.

On August 13, 2014, Haygood filed a complaint against ACM and Cruz, alleging violations of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the New York State Human Rights Law. His complaint was filed within 90 days of receiving the EEOC's second dismissal notice, but more than 90 days after he received the first. The defendants jointly moved to dismiss for lack of jurisdiction. The United States District Court for the Western District of New York (Telesca, *S.J.*) granted the motion and dismissed all of Haygood's claims. It determined that Haygood's Title VII claims were untimely and denied him equitable tolling. The

court also concluded that Haygood's § 1981 claims were collaterally estopped because he had a full and fair opportunity to litigate before the Division. Haygood now appeals on both grounds.

We find that the district court did not err in granting the defendants' motion to dismiss, as Haygood's complaint was filed well after the expiration of the 90-day deadline from his first dismissal notice. We also conclude that the district court did not abuse its discretion in determining that Haygood had not met the "extraordinary" burden to invoke equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). As a unanimous Supreme Court recently "reaffirm[ed]," "the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wisc. v. U.S.*, 136 S. Ct. 750, 756 (2016); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (tolling should be "applied sparingly").

Although there is no indication here that Haygood sought two dismissal notices in a deliberate attempt to get around the statutory time limits, *see, e.g.*, *Soso Liang Lo v. Pan American World Airways, Inc.*, 787 F.2d 827 (2d Cir. 1986) (per curiam), the deadline stated in the first notice was controlling. Because Haygood's filing was indisputably untimely and he has not shown any "extraordinary circumstances" warranting equitable tolling, we affirm the district court's judgment dismissing the Title VII claims.

We have examined the remainder of Haygood's arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3